Lisa C. Hamasaki (SBN 197628)
*lch@millerlawgroup.com*
MILLER LAW GROUP
A Professional Corporation
111 Sutter Street, Suite 700
San Francisco, CA 94104
Tel: (415) 464-4300
Fax: (415) 464-4336

Attorneys for Defendant
AT&T MOBILITY LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DORA MENDOZA, an Individual,

Plaintiff,

v.

AT&T MOBILITY LLC and DOES 1 through 25, inclusive;

Defendants.

Case No.: 2:17-CV-03516

**NOTICE OF REMOVAL OF ACTION FROM STATE COURT PURSUANT TO DIVERSITY JURISDICTION UNDER 28 U.S.C. §1441(b)**

Miller LAW GROUP A PROFESSIONAL CORPORATION

**TO THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446, Defendant AT&T MOBILITY LLC ("Defendant" or "AT&T Mobility"), a limited liability company, hereby removes to this Court the State Court action described below.

## I. INTRODUCTION

1. This case is hereby removed from State Court to Federal Court because, when Plaintiff filed the Complaint and now, complete diversity of citizenship existed and exists between the parties to this action and the alleged amount in controversy exceeds $75,000. Accordingly, this Court has original jurisdiction under 28 U.S.C. § 1332(a).

## II. THE STATE COURT ACTION

2. On March 29, 2017, Plaintiff Dora Mendoza ("Plaintiff") filed a Complaint against Defendant AT&T Mobility in the Superior Court of the State of California for the County of Los Angeles, entitled *DORA MENDOZA, Plaintiff vs. AT&T MOBILITY LLC and DOES 1 to 25, inclusive*, Case No. VC066204. The Complaint alleges the following causes of (1) Discrimination on the basis of medical condition in violation of the Fair Employment and Housing Act ("FEHA"); (2) Harassment on the basis of medical condition in violation of FEHA; (3) Discrimination on the basis of age in violation of FEHA; (4) Harassment on the basis of age in violation of FEHA; (5) Failure to prevent discrimination and harassment in violation of FEHA; (6) Failure to



Miller LAW GROUP A PROFESSIONAL CORPORATION

accommodate medical condition/disability in violation of FEHA; (7) Failure to engage in interactive process to determine reasonable accommodation in violation of FEHA; (8) Failure to provide rest breaks; (9) Failure to provide meal breaks; (10) Failure to provide accurate itemized wage statements; (11) Failure to pay wages when employment ends; (12) Constructive wrongful termination in violation of public policy; (13) Intentional infliction of emotional distress; (14) Negligent infliction of emotional distress; and (15) Violation of Business and Professions Code section 17200. A true and correct copy of the Complaint is attached and incorporated by reference as **Exhibit A**. (*See also* Declaration of Lisa C. Hamasaki ("Hamasaki Dec.") ¶ 2, Ex. A)

## III. TIMELY REMOVAL OF STATE COURT COMPLAINT

3. A copy of the Summons and Complaint was served on CT Corporation on behalf of Defendant AT&T Mobility on April 11, 2017.

4. In accordance with 28 U.S.C. § 1446(a), attached as **Exhibit B** (*See also* Hamasaki Dec. ¶ 3, Ex. B) and incorporated by reference are copies of the documents served on Defendant AT&T Mobility in the State Court action (except for the Complaint, which is attached as **Exhibit A** (*See also* Hamasaki Dec. ¶ 2, Ex. A))

5. On May 8, 2017, Defendant filed and served its Answer to Plaintiff's Complaint in state court. A true and correct copy of the file-stamped version of Defendant's Answer and the proof of service is attached hereto as **Exhibit C**. (*See also* Hamasaki Dec. ¶ 5, Ex. C)

Miller LAW GROUP A PROFESSIONAL CORPORATION

6. No further proceedings have been had, and thirty (30) or fewer days have elapsed since this action became removable to this Court. In accordance with 28 U.S.C. § 1446(b), this Notice is timely filed with this Court.

## IV. JOINDER

7. Defendant AT&T Mobility is not aware of any other defendant, other than the DOE defendants (which are disregarded for removal purposes), being named in this action and is likewise not aware of any other defendant being served.

## V. DIVERSITY JURISDICTION

8. The State Court action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 based on diversity jurisdiction. The State Court action is properly removable to this Court in that it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as explained below.

### A. THE PARTIES' CITIZENSHIP

9. There is complete diversity of citizenship because the operative parties, Plaintiff and Defendant, are citizens of different states. The only other defendants identified in Plaintiff's First Amended Complaint are fictitious parties identified as "DOES 1 to 25, inclusive". The citizenship of such defendants is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b)(1).

Miller LAW GROUP A PROFESSIONAL CORPORATION

10. Defendant AT&T Mobility is informed and believes, and thereon alleges, that as of March 29, 2017, when the Complaint was filed and now, Plaintiff was a citizen and resident of the State of California. *See* Compl. ¶¶ 1-2 (*See also* Hamasaki Dec. ¶ 2, Ex. A)

11. At the time the Complaint was filed and continuing to the present, Defendant AT&T Mobility LLC was and is a Delaware limited liability company. Declaration of Jackie A. Begue In Support of Notice of Removal ("Begue Dec.") ¶ 3. The citizenship of a limited liability company for purposes of diversity jurisdiction is the citizenship of its members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006). The members of AT&T Mobility LLC are: (1) SBC Tower Holdings LLC (a Delaware limited liability company with its principal place of business in Texas); (2) BellSouth Mobile Data, Inc. (a Georgia corporation with its principal place of business in Georgia); and (3) SBC Long Distance LLC (a limited liability company whose sole member, SBC Telecom Inc., is a Delaware corporation with its principal place of business in Texas). Begue Dec. ¶ 3. AT&T Mobility LLC is not, and has not been a citizen of the state of California at any time during the pendency of this action. *Id.*[1]

[1] Although Plaintiff named AT&T MOBILITY LLC in the Complaint, Plaintiff was actually employed by AT&T Mobility Services LLC, a different entity. Declaration of Marilyn Hagelberg ("Hagelberg Dec.") ¶ 3; *see also* Begue Dec. ¶ 4. However, the identity of Plaintiff's actual employer is irrelevant for the purpose of removal. Even if Plaintiff had sued and served AT&T Mobility Services LLC (she did not), complete diversity would still exist because AT&T Mobility Services LLC is not and has not been a citizen of the state of California at any time during the pendency of this action. Begue Dec. ¶ 5. Thus, if and when Plaintiff amends to name the correct employing entity, complete diversity of citizenship will still exist.

Miller LAW GROUP A PROFESSIONAL CORPORATION

12. As of March 29, 2017, when the Complaint was filed, and at the present time, no defendant was a citizen or resident of California and complete diversity exists.

## B. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

13. The amount in controversy between the parties exceeds the minimum sum of $75,000 set forth in 28 U.S.C. § 1332(a), exclusive of interest and costs. In this lawsuit, Plaintiff is seeking recovery of lost past and future wages and benefits, damages and penalties under Labor Code §§ 226 and 203, alleged emotional distress, punitive damages, attorneys' fees and costs, and more. *See* Compl. ¶¶ 27-29, 34-36, 42-44, 49-51, 56-58, 62-64, 68-70, 74-75, 79-80, 84-85, 90-91, 97-98, 102-103, 108-109, 113, and Prayer for Relief, ¶¶ 1-12 (*See also* Hamasaki Dec. ¶ 2, Ex. A)

14. Plaintiff has not specifically alleged an amount in controversy in the Complaint. When the amount in controversy is not definite from the face of the Complaint, in order to prevent removal of an action based on diversity jurisdiction, a plaintiff must file a binding stipulation or affidavit with his or her Complaint stating that the amount in controversy does not exceed $75,000. *DeAguilar v. Boeing,* 47 F.3d 1404, 1412 (5th Cir. 1992) (per curium). Plaintiff did not file any such stipulation or affidavit with her Complaint. In any event, it is apparent from the allegations in the Complaint and the damages that Plaintiff seeks that the amount in controversy exceeds $75,000.

15. Plaintiff seeks lost wages, past and future. Plaintiff alleges that she submitted a resignation letter dated September 8, 2016 and that her effective date of resignation was September 22, 2016. Compl. ¶ 20 (*See also*





Miller LAW GROUP A PROFESSIONAL CORPORATION

Hamasaki Dec. ¶ 2, Ex. A) In 2016, at the time of her resignation from employment, Plaintiff was earning an hourly rate of pay of $17.2750 (which equates to annual pay of approximately $35,932.00, without overtime). Hagelberg Dec. ¶ 4. Individuals in the position held by Plaintiff, however, do work overtime on occasion. In fact, Plaintiff's IRS Form W2 for the year 2014 reflects that she earned $49,953.68 in that year. *Id.* ¶ 4. Plaintiff's employment ended approximately 7 months before removal. Based on her regular rate of pay in 2016, and assuming that she would not have worked any overtime, Plaintiff's claim for lost wages from the time of her resignation until the time of removal is approximately $20,960. By the time this matter is tried, Plaintiff may have been unemployed for 19 months, or more. Thus, her claim for lost back wages could equal or exceed $56,892. Combined with the other damages Plaintiff seeks, including alleged lost future wages, lost benefits, emotional distress damages, alleged attorneys' fees, and punitive damages, her anticipated claimed damages exceed the jurisdictional limit. *See Vasquez v. Arvato Digital Services, LLC*, Case No. CV 11-02836, 2011 WL 2560261 (C.D. Cal. June 27, 2011) (denying plaintiff's motion to remand where plaintiff's lost wages were approximately $25,171 at the time of removal and plaintiff's alleged damages included lost wages, emotional distress damages, attorneys' fees, and punitive damages).

16. Plaintiff is also seeking recovery for alleged emotional distress damages, which may be significant in employment cases and which are part of the amount in controversy. *See Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).

17. Plaintiff also seeks punitive damages. Punitive damages are a part of the amount in controversy in a civil action where they are recoverable as



Miller LAW GROUP A PROFESSIONAL CORPORATION

a matter of law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir.2001); *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008-09 (E.D. Cal. 2011); *Simmons*, 209 F. Supp. 2d at 1033. FEHA discrimination cases may result in awards of punitive damages which meet the jurisdictional threshold. *See, e.g., Roby v. McKesson* (2009) 47 Cal. 4th 686.

18. Finally, Plaintiff seeks recovery of attorneys' fees, to which she alleges she is entitled to recover. Compl. ¶¶ 29, 36, 44, 51, 58, 64, 70, 75, 80, 91, Prayer ¶ 11 (*See also* Hamasaki Dec. ¶ 2, Ex. A) Assuming for purposes only of removal that Plaintiff may recover attorneys' fees, the Court should include in the amount in controversy calculation damages and attorneys' fees that, although not yet accrued, are reasonable to anticipate as Plaintiff has alleged. *Simmons*, 209 F. Supp. 2d at 1035; *Campbell*, 825 F. Supp. 2d at 1008-09.

19. Accordingly, the amount in controversy exceeds the minimum sum of $75,000 set forth in 28 U.S.C. § 1332(a), exclusive of interest and costs.

## VI. VENUE

20. The Superior Court of the State of California for the County of Los Angeles is located within the Central District of California. Accordingly, this action is properly removed to this Court. *See* 28 U.S.C. § 84(b).

///

///

///

///

Miller LAW GROUP A PROFESSIONAL CORPORATION

## VII. NOTICE TO PLAINTIFF AND SUPERIOR COURT

21. Written Notice of the Removal of this action to the United States District Court for the Central District of California will be filed with the Clerk of the Superior Court for the County of Los Angeles, and sent via First Class U.S. Mail to Plaintiff through her attorneys of record. A true and correct copy of the Notice to Superior Court and to Adverse Party of Removal of Action to Federal Court is attached and incorporated herein as **Exhibit D**. (*See also* Hamasaki Dec. ¶ 6, Ex. D)

**WHEREFORE,** Defendant gives notice that the above action, which was pending in the Superior Court of the State of California, County of Los Angeles, is hereby removed to this Court.

Dated: May 9, 2017

MILLER LAW GROUP
A Professional Corporation

By: /s/ Lisa C. Hamasaki
Lisa C. Hamasaki
Attorneys for Defendant
AT&T MOBILITY LLC

4841-6215-5591, v. 1



Miller LAW GROUP A PROFESSIONAL CORPORATION